IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| KATHRYN McKILLIP, | ) ) | CASE NO. 3:08-cv-00053-CDL |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| SDI ATHENS EAST, LLC d/b/a SONIC & TOMCO MANAGEMENT, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**CONSENT DECREE**

This action originated with a Complaint filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") on July 2, 2008. The EEOC alleged, *inter alia*, that Defendant SDI Athens East, LLC d/b/a Sonic and Defendant Tomco Management, LLC (hereinafter "Defendants") subjected Kathryn McKillip to a sexually hostile work environment and constructively discharged her in violation of Title VII. A complaint was filed by Plaintiff-Intervenor on November 25, 2008.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

In its Complaint, the Commission sought make-whole relief including, but not limited to, compensatory damages, punitive damages, injunctive, and other affirmative relief. The Defendants filed their Answer denying the allegations made by the Commission. Defendants

dispute and deny any liability to the Commission or to any other person(s). All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of Title VII and equal employment opportunity.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I.   JURISDICTION AND VENUE

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

## II.   DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III.   NON-DISCRIMINATION PROVISION

Defendants, including their officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with them, are enjoined from

discriminating against any individual because of sex. Defendants shall comply with Title VII, and acknowledges that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall be conducted in a manner that does not discriminate on the basis of sex.

### IV.     NON-RETALIATION PROVISION

Defendants, including their officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with them are enjoined from retaliating against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. Defendants will not retaliate or take any adverse action against any employee or applicant because any such individual has filed a charge or opposed a practice believed to be in violation of Title VII.

### V.     INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendants shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at their SDI Athens facility have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendants have reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI. TRAINING

During the term of this Consent Decree, Defendants shall hold at least one (1) training session, the cost of which is to be borne by Defendants, to be attended by every employee (non-supervisory and supervisory employees) assigned to its SDI Athens locations on their rights and obligations arising under Title VII, including, but not limited to, Defendants' obligations under Title VII not to discriminate against any employee on the basis of sex or to subject any employee to harassment on the basis of sex. The above referenced training shall be completed within ninety (90) days of the entry of this Consent Decree.

Defendants shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics. If written materials are utilized, the Commission shall be supplied with a copy of such materials.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendants shall certify in writing to the Regional Attorney whether any person employed at Defendant's SDI Athens location has complained about sex or pregnancy discrimination. If an employee has so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c)　The name and title of the person against whom the complaint or report was made;

(d)　The nature of the complaint or report;

(e)　The name and title of Defendants' official to whom the complaint or report was made;

(f)　A description of how the complaint or report was resolved by Defendants, including any personnel action(s) taken by Defendants in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. NOTICES TO BE POSTED

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendants shall keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the facility shall have the opportunity to observe at least one such posting when at the facility. Defendants will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Defendants shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendants will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

**IX.   CHARGING PARTY'S INDIVIDUAL RELIEF**

Defendants, in settlement of all claims alleged by the Commission in its Complaint, shall pay Kathryn McKillip within ten (10) business days of the entry of this Consent Decree the gross amount of $70,000, in general damages, back pay, attorney fees and expenses pursuant to the payment terms outlined in the Settlement Agreement between McKillip and Defendants.  Within five (5) business days of issuing the checks to McKillip, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

**X.   TERM OF DECREE AND PERIOD OF JURISDICTION**

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.  However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree, including payment of monetary benefits and for any other appropriate or equitable purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty-six (36) calendar month period, moved to enforce compliance with the

Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the thirty-six (36) month period have been resolved. At the expiration of the thirty-six (36) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XI. COMPLIANCE OFFICIAL

The Defendants have designated Roger Wayne Thomas to be Defendants' Compliance Official who shall be responsible for Defendants' compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendants' compliance with the specific terms of this Consent Decree.

## XII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify, in writing by first class mail and facsimile, Defendants' Compliance Official if it has any reason to believe that any act or omission by Defendants is in violation of the Consent Decree. Defendants shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendants' report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendants, the Commission shall seek to resolve the alleged

deficiency through good faith conciliation or mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

### XIII.    OTHER ACTIONS

The Commission shall not commence or prosecute Defendants for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Kathryn McKillip's charge of discrimination alleging that Defendants subjected her to sexual harassment and constructively discharged her in violation of Title VII, as embodied in EEOC Charge Number 410-2006-02192, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendants in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

### XIV.   COSTS AND ATTORNEYS FEES

The EEOC and Defendants shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

    s/Robert K. Dawkins (w/permission by DBT)
    ROBERT K. DAWKINS
    Georgia Bar Number: 076206
    Robert.Dawkins@eeoc.gov
    DARIN B. TUGGLE
    Georgia Bar Number: 621998
    Darin.Tuggle@eeoc.gov
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION- Atlanta District Office
    100 Alabama Street, SW, Suite 4R30
    Atlanta, Georgia   30303
    Telephone:    (404) 562-6818
    Facsimile:     (404) 562-6905

Counsel for Defendants:

    s/Tanya Andrews Tate (w/permission by DBT)
    Tanya Andrews Tate
    Georgia Bar No. 237035
    ttate@ttatelaw.com
    Danielle M. Kilinski
    Georgia Bar No. 159029
    dkilinski@ttatelaw.com

IT IS SO ORDERED, this 12th day of April, 2010.

    S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE

# **N O T I C E**

1. This notice to all employees of SDI Athens East, LLC d/b/a Sonic and Tomco Management, LLC is being posted as part of the remedy agreed to between SDI Athens, Tomco and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States Federal District Court, Athens, Georgia.

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. SDI Athens East, LLC d/b/a Sonic and Tomco Management, LLC support and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. This notice will remain posted for thirty-six (36) months.

Signed this _____ day of _____, 2010.

_____
On behalf of SDI Athens East, LLC d/b/a Sonic
and Tomco Management, LLC